UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JENNIFER JORGENSEN,

                      Plaintiff,　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
        -against-　　　　　　　　　　　　　　　　　　CV 11-2588 (GRB)(AYS)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, DETECTIVE ROY
BAILLARD, in his individual and official capacity,
POLICE OFFICERS JOHN DOE 1-10, in their
official and individual capacities, (those being the
names of officers who were present and committed
wrongful acts and whose names are known by the
other Defendants), SUFFOLK COUNTY OFFICE
OF THE DISTRICT ATTORNEY, ASSISTANT
DISTRICT ATTORNEY LAURA NEWCOMBE,
in her individual and official capacity, LORI ARENDT,
in her individual and official capacity, BRIAN
MACRI, in his individual and official capacity,
MICHAEL KATZ, in his individual and official
capacity and ROBERT GENNA, in his individual
and official capacity,

                      Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is a civil rights action in which the Plaintiff, Jennifer Jorgensen ("Plaintiff" or "Jorgensen"), alleges that Defendants, <u>inter alia</u>, falsely arrested and maliciously prosecuted her, in violation of her Fourth and Fourteenth Amendment rights. Presently before the Court is Plaintiff's motion to amend her Complaint a third time, which seeks to clarify and correct deficiencies identified by the District Court in ruling upon Defendants' motion for judgment on the pleadings. Defendants oppose the motion in its entirety, arguing that Plaintiff is seeking to revive claims already dismissed by the District Court. For the following reasons, this Court respectfully recommends that Plaintiff's motion to amend be granted in part and denied in part.

BACKGROUND

Unless otherwise noted, the facts set forth herein are taken from Plaintiff's proposed Third Amended Complaint and are accepted as true for purposes of the instant Report and Recommendation.

On or about May 30, 2008, Plaintiff, who was eight months pregnant at the time, was involved in an automobile accident with another vehicle on Whiskey Road in Ridge, New York, which resulted in the death of the two occupants of the other vehicle – retired police officer Robert Kelly and his wife, Mary Kelly – as well as Plaintiff's unborn child. (3d Am. Compl., Docket Entry ("DE") [107-3], ¶¶ 30-31, 34-35.) Plaintiff was severely injured during the accident and was airlifted to Stony Brook University Hospital. (Id. ¶ 53.)

Prior to the accident, Plaintiff visited Michael's Craft Store ("Michael's") in Rocky Point, New York, where she purchased several items and returned others. (Id. ¶ 42.) While in Michael's, Plaintiff interacted with several employees, including Debbie DeRocher, Virginia Gordon, and Destiny Martin. (Id. ¶ 43.) After leaving Michael's, Plaintiff placed her purchases in the trunk of her vehicle, then walked to Sonny's Card Store, where she purchased lottery tickets, and then to Pompeii Pizzeria, both of which are located in the same shopping center as Michael's. (Id. ¶ 44.)

Plaintiff exited the shopping center in her vehicle at approximately 2:30 p.m. and proceeded to drive towards Ridge, New York. (Id. ¶ 48.) She made a telephone call to her future father-in-law using the Bluetooth function in her vehicle and advised him that she was on her way, and would be arriving at his house in a few minutes. (Id.)

Shortly after the telephone call, Plaintiff felt a sharp pain in her stomach and immediately fell unconscious. (Id. ¶ 49.) The next thing Plaintiff recalled was waking up in the recovery room

at Stony Brook University Hospital. (Id. ¶ 50.) According to expert medical opinion, the sharp pain Plaintiff experienced was the result of a spontaneous placental abruption. (Id. ¶ 49.) After arriving at Stony Brook University Hospital, Plaintiff underwent several hours of surgery for extensive and life-threatening injuries, including emergency caesarean section delivery of her daughter, who died several days later. (Id. ¶ 55.)

Two toxicology tests performed at the hospital – a urine test, performed by the hospital, and a blood test, performed by the police using a Driving While Intoxicated ("DWI") kit – found no evidence of drugs or alcohol in Plaintiff's system. (Id. ¶¶ 56, 62.) However, Defendants obtained a warrant to test blood drawn from Plaintiff shortly after her arrival at the emergency room on May 30, 2008. (Id. ¶ 64.) The only blood that could be supplied was from a red cap blood tube, containing less than two milliliters of blood volume, which was not obtained for toxicological purposes. (Id.) Defendants did not test Plaintiff's blood obtained pursuant to the warrant until twenty-six days after the accident. That blood again tested negative for both drugs and alcohol. (Id. ¶¶ 71-72.) A test of Plaintiff's infant daughter's transfused blood, however, tested positive for traces of alcohol. (Id. ¶ 72.)

Thirteen months after the accident, Plaintiff was indicted on several charges, including Aggravated Vehicular Homicide. (Id. ¶ 96.) Plaintiff's first criminal trial in 2011 ended in a hung jury. See People v. Jorgensen, 26 N.Y.3d 85, 88 (2015). Upon retrial in 2012, Plaintiff was convicted of one count of Manslaughter in the Second Degree, for the death of her infant daughter, and acquitted of all other charges. See Jorgensen, 26 N.Y.3d at 89.

Plaintiff appealed her conviction, which was affirmed by the New York Appellate Division, Second Department, on January 22, 2014. See People v. Jorgensen, 113 A.D. 3d 793

(2d Dep't 2014), rev'd, 26 N.Y.3d 85 (2015). Plaintiff's conviction was ultimately reversed by the New York Court of Appeals on October 22, 2015. See Jorgensen, 26 N.Y.3d at 89.

Plaintiff commenced this civil rights action on May 27, 2011 and amended her Complaint as of right on August 8, 2011. (DE [2].) The action was stayed for a number of years due to Plaintiff's ongoing criminal action. Once the underlying criminal action was resolved, the stay was lifted in November 2015 and discovery proceeded.

On June 1, 2016, Plaintiff filed a Second Amended Complaint. (DE [30].) On January 4, 2021, Defendants filed motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). (DE [91], [92], [93].) By Memorandum and Order dated September 1, 2021, the District Court granted in part and denied in part Defendants' motions for judgment on the pleadings, dismissing false arrest and malicious prosecution claims against Defendants Roy Baillard ("Baillard"), Robert Genna ("Genna"), and Assistant District Attorney Laura Newcombe ("ADA Newcombe"). (DE [95].) The District Court also dismissed Plaintiff's abuse of process, conspiracy, and municipal liability claims in their entirety, as well as any and all claims against former District Attorney Thomas Spota. (Id.) As the Court noted in its Memorandum and Order, Plaintiff's purported claim pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") was dismissed at a pre-motion conference held before the District Court on September 29, 2020. (DE [95] at 2 n.2; DE [82].)

Plaintiff sought reconsideration of the District Court's decision on September 29, 2021, (DE [96]), which Defendants opposed. (DE [103].) Upon request of the Plaintiff, the District Court permitted Plaintiff to move for leave to amend her complaint in connection with her motion for reconsideration. (DE [97]; Order of Brown, J., dated Sept. 30, 2021.) Plaintiff's motion for reconsideration was denied by the District Court on November 5, 2011. By that same

Order, the District Court referred Plaintiff's motion to amend her complaint to this Court for report and recommendation. (Order of Brown, J., dated Nov. 5, 2021.) The motion was thereafter fully briefed on December 13, 2021.

## DISCUSSION

I.   Legal Standard

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. Where, as here, leave of court is required to amend, the Court has broad discretion to grant such leave "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., No. 13-CV-2674, 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citation omitted). However, motions to amend are property denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party . . . ." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. See Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citations omitted).

II.   Disposition of the Motion

Plaintiff seeks to amend her complaint to cure deficiencies noted by the District Court solely with respect to her malicious prosecution and abuse of process claims against Defendants Baillard and ADA Newcombe. (Pl. Mem. of Law in Supp. of Mot. to Amend 1.) Plaintiff specifically states that she "does not seek to add nor revive any previously dismissed Defendants or claims." (Id.). Defendants oppose Plaintiff's motion, arguing that the proposed Third Amended Complaint fails to cure the deficiencies in her malicious prosecution and abuse of process claims.

A. <u>Defendant ADA Newcombe</u>

As set forth in the District Court's Memorandum and Order dated September 1, 2021, ADA Newcombe has been dismissed entirely from this action on the grounds of absolute immunity. (DE [95].) For the same reasons set forth by the District Court, this Court finds that Plaintiff's proposed Third Amended Complaint fails to overcome the threshold of absolute immunity.

It is well established that a "prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." <u>Shmueli v. City of New York</u>, 424 F.3d 231, 236 (2d Cir. 2005) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976)). To establish absolute prosecutorial immunity, the prosecutor has the burden of proving that "they were functioning as 'advocates' when they engaged in the challenged conduct." <u>Warney v. Monroe County</u>, 587 F.3d 113, 121 (2d Cir. 2009) (quoting <u>Doe v. Phillips</u>, 81 F.3d 1204, 1209 (2d Cir. 1996)). "[P]rosecutors are absolutely immune . . . for conduct in 'initiating a prosecution and in presenting the [municipality's] case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991) (quoting <u>Imbler</u>, 424 U.S. at 430-31). Conversely, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." <u>Warney</u>, 587 F.3d at 121 (quoting <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993)). "When a prosecutor is engaged in administrative or investigative activities, [she] is entitled only to qualified immunity . . . ." <u>Pinaud v. County of</u>

Suffolk, 52 F.3d 1139, 1147 (2d Cir. 2015) (quoting Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990)) (additional citations omitted).

Plaintiff's proposed Third Amended Complaint attempts to circumvent the shield of absolute immunity by alleging that ADA Newcombe acted outside the scope of her role as a prosecutor, instead engaging in investigatory activities. (3d Am. Compl. ¶¶ 147-48, 190.) In support of this claim, Plaintiff alleges that ADA Newcombe "knowingly concocted and encouraged multiple witnesses to falsify testimony" for the "wrongful purpose to harm Ms. Jorgensen for a police officer losing his life in the accident." (Id. ¶¶ 147-48.) However, such allegations are simply conclusory assertions without any factual basis.

Moreover, "[i]f an actor is performing a function covered by absolute immunity, 'the actor is shielded from liability for damages regardless of the wrongfulness of [her] motive or the degree of injury caused.'" Baron v. Lissade, No. 19-CV-6256, 2021 WL 4407836, at *7 (E.D.N.Y. Sept. 27, 2021) (quoting Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004)). As prior cases have held, prosecutors retain their immunity even where a plaintiff alleges the "knowing use of perjured testimony" or the "deliberate withholding of exculpatory information." Shmueli, 424 F.3d at 237. "Such conduct may be 'reprehensible,' but it still reflects the exercise of prosecutorial discretion." Baron, 2021 WL 4407836, at *7 (citing Shmueli, 424 F.3d at 237.). The actions alleged to have been undertaken by ADA Newcombe all pertain to her role as an advocate on behalf of the State of New York in prosecuting Plaintiff for a purported crime. Such actions are entitled to absolute immunity.

Based on the foregoing, this Court respectfully recommends that Plaintiff's motion to amend with respect to all claims alleged against ADA Newcombe be denied as futile and that ADA Newcombe remain dismissed from this action.

B. <u>Defendant Baillard</u>

1. <u>Malicious Prosecution</u>

In rendering its September 1, 2021 Memorandum and Order, the District Court dismissed the malicious prosecution claim against Baillard because "there [were] no factual allegations that he knowingly provided false information to prosecutors or withheld material information." (DE [95] at 14-15.) The proposed Third Amended Complaint rectifies the deficiency highlighted by the District Court.

A police officer may be liable for malicious prosecution if he "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" or if he "fabricates evidence or withholds relevant and material information from the prosecutor." <u>Andrews v. Johnson</u>, No. 21-CV-8310, 2022 WL 158538, at *4 (S.D.N.Y. Jan. 18, 2022) (quoting <u>Mitchell v. Victoria Home</u>, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006)); <u>see also</u> <u>Rodriguez v. City of New York</u>, No. 21-CV-1649, 2022 WL 768159, at *7 (E.D.N.Y. Mar. 14, 2022) ("[A]n arresting officer may be held liable for malicious prosecution when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.") While indictment by a grand jury creates a presumption of probable cause, providing a complete defense to a malicious prosecution claim, that presumption may be rebutted "by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" <u>Dufort v. City of New York</u>, 874 F.3d 338, 352 (2d Cir. 2017) (quoting <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003)).

Here, the proposed Third Amended Complaint alleges that Baillard failed to interview witnesses who had contact with Plaintiff less than one and half hours before the accident, failed to inquire as to video surveillance of the shopping center from which Plaintiff left prior to the

accident, and failed to interview the airlift worker who transported Plaintiff to the hospital from the accident to see if Plaintiff had alcohol on her breath. (3d Am. Compl. ¶¶ 135-40.) Nor did Baillard interview the ambulance driver regarding the presence of alcohol on Plaintiff's breath. (Id ¶ 141.) Despite Plaintiff's willingness to cooperate in Baillard's investigation, as communicated by her attorney, Baillard never interviewed, telephoned or followed up with Plaintiff in any way. (Id. ¶¶ 142-34.) In short, Baillard never investigated any leads that might possibly have influenced the jury to exonerate Plaintiff.

Based on the foregoing, this Court finds that Plaintiff's proposed Third Amended Complaint states a plausible claim for malicious prosecution against Baillard. As such, this Court respectfully recommends that Plaintiff's motion to amend her malicious prosecution claim, as alleged against Baillard, be granted, and that the claim be reinstated herein.

2. Abuse of Process

The District Court's September 1, 2021 Memorandum and Order dismissed Plaintiff's abuse of process claim on the ground that Plaintiff failed to allege that Defendants "engaged in conduct for a purpose other than pursuing plaintiff's arrest and prosecution." (DE [95] at 15.) The proposed Third Amended Complaint fails to cure this deficiency.

A claim for abuse of process "lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino, 331 F.3d at 76 (citing Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994)). "A malicious motive alone, however, does not give rise to a cause of action for abuse of process." Curiano v. Suozzi, 63 N.Y.2d 113, 117 (1984) (citing Hauser v. Bartow, 273

N.Y. 370, 374 (1937)). "In order to state a claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action." Savino, 331 F.3d at 77 (citing Dean v. Kochendorfer, 237 N.Y. 384 (1924)) (emphasis in original). "[I]t is not sufficient for a plaintiff to allege that [defendant was] seeking to retaliate against [her] by pursing [her] arrest and prosecution." Savino, 331 F.3d at 77. Rather, Plaintiff "must claim that [Baillard] aimed to achieve a collateral purpose beyond or in addition to [her] criminal prosecution." Id.

The continued refrain throughout the proposed Third Amended Complaint is that Baillard pursued the investigation and prosecution of Plaintiff in order to exact revenge for the death of a retired police officer. However, the ultimate goal alleged is Plaintiff's prosecution and conviction. As such, Plaintiff's proposed Third Amended Complaint still fails to allege a plausible claim for abuse of process. Accordingly, this Court respectfully recommends that Plaintiff's motion to amend be denied with respect to the abuse of process claim.

III.   Remaining Issues

As Defendants correctly point out in their opposition to the within motion, the proposed Third Amended Complaint still contains claims alleged against Defendant Robert Genna, who appears to have been dismissed from this action by the District Court's September 1, 2021 Memorandum and Order. It also still contains a claim for violation of HIPAA, which was dismissed by the District Court during the pre-motion conference held on September 29, 2020. (DE [82].) Finally, the proposed Third Amended Complaint appears to still allege a claim for municipal liability, which was also dismissed by the District Court. None of the foregoing are part of the instant motion to amend and, therefore, remain dismissed. For the sake of clarity, this Court recommends that such claims, as well as Defendant Genna, be removed from the Third Amended Complaint.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion to amend be granted in part and denied in part. Specifically, this Court recommends that Plaintiff's motion be granted solely with respect to the malicious prosecution claim alleged against Defendant Baillard and that, in all other respects, the motion be denied. In the event this Report and Recommendation is adopted by the District Court, this Court further recommends that, for purposes of clarity, the Plaintiff file a revised Third Amended Complaint naming only the parties and claims remaining herein and in accord with the final ruling of the District Court.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
       April 8, 2022                                /s/     Anne. Y. Shields
                                                                  ANNE Y. SHIELDS
                                                                  United States Magistrate Judge