UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER JORGENSEN,

                Plaintiff,

      v.

COUNTY OF SUFFOLK, *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
11-CV-02588 (HG) (AYS)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff has brought claims for violation of her constitutional rights, pursuant to 42 U.S.C. § 1983, against Suffolk County and several of its law enforcement personnel.  ECF No. 30.  One of those Defendants is Assistant District Attorney Laura Newcombe, who prevailed on a motion for judgment on the pleadings to dismiss all of Plaintiff's claims against her.  *See* ECF No. 95.  Newcombe now moves for entry of partial judgment finalizing that dismissal, pursuant to Rule 54(b), and Plaintiff has taken "no position" on the motion.  ECF Nos. 116, 117.  The Court denies Newcombe's motion because, as further explained below, there are too many overlapping facts between the dismissed claims against Newcombe and Plaintiff's surviving claims against the remaining Defendants.  Entering judgment now in favor of Newcombe would therefore create an unjustified risk of inefficient, piecemeal appeals.

## PROCEDURAL HISTORY

This case has been pending since 2011 and has a complicated procedural history, especially when considered together with the state criminal prosecution against Plaintiff that triggered this lawsuit.  *See* ECF No. 1.  The Court will therefore describe only the background information necessary to decide Defendant Newcombe's motion for partial judgment.

Plaintiff was in a car accident that led her to become a defendant in two criminal trials in New York state court:  the first ended in a hung jury, and the second led to a guilty verdict for manslaughter.  *People v. Jorgensen*, 41 N.E.3d 778, 779 (N.Y. 2015).  The manslaughter conviction was based on the death of Plaintiff's child, who was *in utero* at the time of the accident but was delivered through an emergency cesarean section and died several days later. *Id.*  The New York Court of Appeals vacated that conviction, holding that New York's Penal Law "did not intend to hold pregnant women criminally responsible for conduct with respect to themselves and their unborn fetuses unless such conduct is done intentionally."  *Id.* at 779–80.

Newcombe was an Assistant District Attorney for Suffolk County and worked on prosecuting Plaintiff.  ECF No. 30 ¶ 20.  Plaintiff therefore asserted against her claims for false arrest and malicious prosecution, both in violation of 42 U.S.C. § 1983.  *Id.* ¶¶ 146, 165. Plaintiff further alleged that Newcombe conspired with the other Defendants to commit these violations of her constitutional rights.  *Id.* ¶ 177.  Specifically, Plaintiff alleged that Newcombe directed Suffolk County's crime lab to use "scientifically unorthodox" methods to test Plaintiff's blood following her accident—in a manner that was designed to support a conviction by falsely demonstrating the presence of alcohol.  *Id.* ¶¶ 63–71.  Although Newcombe allegedly knew about these unorthodox methods, she allegedly presented to the grand jury testimony from crime lab personnel that described a normal testing process.  *Id.* ¶¶ 101–04.  She allegedly presented similar testimony at trial.  *Id.* ¶¶ 105–07.

Newcombe and several other Defendants moved for judgment on the pleadings dismissing the claims against them.  *See* ECF Nos. 91–93.  Newcombe succeeded in full.  The Court, in an order issued by Judge Brown, held that Newcombe was entitled to absolute immunity from any claims related to her initiation of criminal charges against Plaintiff.

*Jorgensen v. Cnty. of Suffolk*, 558 F. Supp. 3d 51, 64 (E.D.N.Y. 2021).  The same immunity shielded Newcombe from liability arising from her presentation of evidence at Plaintiff's trials and to the grand jury.  *Id.* at 62.  Judge Brown further explained that although prosecutorial immunity could not apply to Newcombe's alleged participation in the manipulation of blood tests, Plaintiff's allegations related to that misconduct were insufficient to state a claim under Rule 12(b)(6).  *Id.*  Finally, Judge Brown dismissed the conspiracy claims against all Defendants. *Id.* at 65.  The conspiracy claims against Newcombe, in particular, failed because Plaintiff had not identified "specific communications or meetings between" the Defendants affiliated with the District Attorney's office (like Newcombe) and the Defendants affiliated with the crime lab.  *Id.*

The Court denied Plaintiff's motion for reconsideration or, alternatively, for leave to amend her complaint.  *See* ECF Nos. 96, 107, 112.  Plaintiff's proposed amended complaint would have revived the claims against Newcombe by adding new allegations about her supposed misconduct.  ECF No. 107-3 ¶¶ 93–94, 147–48, 190, 191, 217–18.  These allegations, however, did not actually contain new facts, but instead asserted legal conclusions that Newcombe was acting outside her role as a prosecutor when performing the actions alleged in Plaintiff's previous complaints.  *Id.*  The Court therefore held that these amendments were futile because Plaintiff's conclusory allegations could not remove any of Newcombe's actions from the scope of her prosecutorial immunity.  ECF No. 112 at 6–7; ECF Order dated May 3, 2022.

As a result of these rulings, all of Plaintiff's claims against Newcombe have been dismissed, but Plaintiff's claims for false arrest and malicious prosecution against the Defendants who worked at Suffolk County's crime lab are pending.  *Jorgensen*, 558 F. Supp. 3d at 57. Discovery on the remaining claims will continue for at least six more months, at which point they will be subject to either summary judgment or trial.  *See* ECF No. 115.  In the meantime,

3

Newcombe has moved for entry of partial judgment finalizing the dismissal of the claims against her.  ECF No. 116.

## LEGAL STANDARD

"Rule 54(b) authorizes entry of a partial final judgment 'as to one or more, but fewer than all, claims or parties' only when three requirements have been satisfied:  (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express[ ] determin[ation] that there is no just reason for delay.'"  *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)) (alterations in original).  The Second Circuit has instructed that this authority should "be exercised sparingly" in order to further the "policy against piecemeal appeals."  *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).

When applying the third requirement, "[d]istrict courts may exercise their discretion to determine that there is no just reason for delay."  *Baumgarten v. Suffolk Cnty.*, No. 12-cv-171, 2014 WL 4175793, at *3 (E.D.N.Y. Aug. 19, 2014).  A court must, however, "provide a reasoned, even if brief, explanation of its considerations" and "must take account of both the policy against piecemeal appeals and the equities between or among the parties."  *Novick*, 642 F.3d at 310 (internal quotation marks omitted).  The court may not recite "mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law."  *Id.* (internal quotation marks omitted).

One important factor for courts to consider is "whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.* at 311 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)) (alteration in original) (emphasis omitted).  Pursuant to this

consideration, a "district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Id.* (internal quotation marks omitted).

## DISCUSSION

The first two requirements of Rule 54(b) are satisfied in this case. Plaintiff brought seven causes of action against numerous parties. ECF No. 30 ¶¶ 143–220. All of the causes of action that apply to Newcombe have been dismissed. *Jorgensen*, 558 F. Supp. 3d at 57; ECF No. 112 at 7. The propriety of a partial judgment therefore turns on the third requirement of Rule 54(b): whether "there is no just reason for delay" in definitively ending Newcombe's involvement in this litigation. Fed. R. Civ. P. 54(b).

Contrary to Newcombe's assertion that dismissals based on immunity "are excellent candidates for a Rule 54(b) order," such dismissals do not automatically merit an immediate partial judgment. ECF No. 116-1 at 4. The Second Circuit has held that a decision dismissing claims against two police officers on qualified immunity grounds should not have been reduced to a partial judgment because a related claim against one of those officers was still pending. *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 43–44 (2d Cir. 2003). Even though one of the officers had been entirely dismissed, granting a partial judgment on the dismissed claims would have frustrated the policy of "preventing piecemeal appeals." *Id.*

District courts within the Second Circuit have likewise refused to reflexively enter partial judgment whenever dismissing claims against one party on immunity grounds. They have instead inquired whether accelerating the appeal process for the immune defendant would leave behind, in the district court, claims that "would involve many of the same law and facts." *Pierce v. City of New York*, No. 16-cv-5703, 2018 WL 679459, at *2 (E.D.N.Y. Feb. 1, 2018); *see also Baumgarten*, 2014 WL 4175793, at *4 (claims against immune town attorney not reduced to

partial judgment because of the "overlap in allegations" with claims against un-dismissed

defendants).  Placing those claims on two separate tracks could lead to the "extremely inefficient

outcome" of having "two separate appeals before two different panels based on the same set of

facts." *Pierce*, 2018 WL 679459, at *2.

Conversely, a partial judgment in favor of immune defendants has been warranted when

the claims against them have been based on "factual allegations" that are "separable and

extricable" from the remaining defendants.  *Rivers v. Dagnello*, No. 99-cv-2774, 2000 WL

798631, at *2 (S.D.N.Y. June 20, 2000) (ordering partial judgment in favor of state court judge).

Partial judgment becomes more advisable when there is sufficient time left in the district court

litigation for the Second Circuit to consider the issue of immunity before trial.  *Capone v.*

*Patchogue-Medford Union Free Sch. Dist.*, No. 04-cv-2947, 2007 WL 9723874, at *2 (E.D.N.Y.

Sept. 30, 2007); *McDonough v. Smith*, No. 15-cv-1505, 2017 WL 1901962, at *3 (N.D.N.Y.

May 8, 2017).  Under such circumstances, accelerated appellate reversal of the district court's

immunity ruling can save the district court from "repeat[ing] the entire process" of discovery and

trial for the initially-dismissed defendants after the other defendants have already gone to trial.

*Capone*, 2007 WL 9723874, at *2.

Plaintiff's dismissed claims against Newcombe and surviving claims against the crime

lab Defendants present overlapping allegations, rather than separable and extricable facts.

Plaintiff does not allege that Newcombe passively received false evidence and later deployed it

during Plaintiff's trial; she alleges that Newcombe personally directed the crime lab Defendants'

"scientifically unorthodox" methods of blood testing.  ECF No. 30 ¶¶ 63–71.  Although liability

arising from Newcombe's use of this evidence in the grand jury and at trial is barred by her

"doctrinally discrete" defense of prosecutorial immunity, much of Newcombe's alleged

6

misconduct cannot be "divorced from the nucleus of facts" that also applies to the crime lab Defendants. *In re Trilegiant Corp., Inc.*, No. 12-cv-396, 2015 WL 13901228, at *5 (D. Conn. Mar. 26, 2015). Furthermore, the relatively advanced stage of this litigation means that there is no guarantee that an appeal of the claims against Newcombe would be decided before the claims against the remaining Defendants are resolved.[1]

Newcombe's request for partial judgment is made even weaker by the fact that Judge Brown's decision dismissing the claims against her was not based solely on prosecutorial immunity, contrary to the characterizations in her brief. *See* ECF No. 116-1 at 2, 6. Plaintiff's allegations that Newcombe worked with crime lab employees to manipulate blood tests were not amenable to prosecutorial immunity because they related to the investigatory phase of Plaintiff's criminal case. *See Jorgenson*, 558 F. Supp. 3d at 62 (citing *Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995)).[2] Judge Brown therefore dismissed that aspect of Plaintiff's false arrest claim on the ground that "the allegations in the complaint [we]re not sufficient." *Id.* He similarly dismissed Plaintiff's claim that Newcombe conspired with the crime lab Defendants because Plaintiff's complaint did not include "allegations of specific communications or meetings" between them. *Id.* at 65. These rulings counsel against granting Newcombe partial judgment because, should Plaintiff choose to appeal, the Second Circuit would need to consider

---

[1]     Discovery is scheduled to end in six months, and the median length of an appeal in the Second Circuit is 12.5 months. *See U.S. Court of Appeals Summary – 12-Month Period Ending June 30, 2022*, ADMIN. OFFICE OF THE U.S. CTS., https://www.uscourts.gov/sites/default/files/ fcms_na_appsumary0630.2022_0.pdf (last visited Sept. 22, 2022).

[2]     The Second Circuit explained in *Hill* that prosecutorial immunity "does not protect efforts to manufacture evidence that occur during the investigatory phase of a criminal case." *Hill*, 45 F.3d at 662.

the same facts and legal issues that would apply in a later appeal of the claims against the crime lab Defendants.

None of Newcombe's case law would justify this inefficiency.  Notably, the only example that Newcombe cites from within the Second Circuit, in which the court concluded that partial judgment was proper, also involved claims against a prosecutor based on both his conduct during trial and his alleged fabrication of evidence before trial.  *McDonough*, 2017 WL 1901962, at *2.  Unlike in Newcombe's case, however, the fabrication-of-evidence claims in *McDonough* had been dismissed against all defendants, including the prosecutor.  *Id.*  The partial judgment therefore did not send the claims against the prosecutor to the Second Circuit for appeal while leaving behind the same claims in the district court to be litigated against other defendants.  Granting partial judgment for Newcombe, on the other hand, would leave Plaintiff's fabrication-of-evidence claims simultaneously pending in this Court and the Second Circuit.

Finally, the Court may not enter a partial judgment simply because Plaintiff has taken "no position" on Newcombe's motion and not opposed it.  *See* ECF No. 117.  Whether a particular district court ruling was "amenable to certification under Rule 54(b)" is a jurisdictional issue that determines whether the Second Circuit may consider an appeal from a purported partial judgment.  *Acumen Re Mgmt.*, 769 F.3d at 140.  If Plaintiff were to appeal the dismissal of her claims against Newcombe, the Second Circuit would need to address the propriety of a partial judgment even though Plaintiff has essentially consented to its entry.  *Rodriguez v. Anderson*, 633 F. App'x 7, 9 (2d Cir. 2015) (raising Rule 54(b) issues *sua sponte*).

## CONCLUSION

The Court is sympathetic to Newcombe's desire to clear her name by finally terminating her involvement in this lawsuit.  All defendants share this desire, however, and the Second

Circuit has made clear that not every defendant who prevails before a lawsuit ends is entitled to a judgment.  Since Newcombe does not meet the criteria required for this uncommon accommodation, for the reasons explained above, the Court denies Newcombe's motion for entry of partial judgment.  *See* ECF No. 116.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      September 26, 2022