```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER JORGENSEN,

                            Plaintiff,
                                                                    ORDER
            -against-                                               CV 11-2588 (AYS)

LORI ARENDT, in her individual and official
capacity, BRIAN MACRI, in his individual and
official capacity, and MICHAEL KATZ, in his
individual and official capacity,

                            Defendants.
-----------------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This is a civil rights action in which the Plaintiff, Jennifer Jorgensen ("Plaintiff" or "Jorgensen"), alleges that Defendants, inter alia, falsely arrested and maliciously prosecuted her, in violation of her Fourth and Fourteenth Amendment rights. Presently before the Court is Defendants' motion for summary judgment, which seeks judgment as a matter of law on the grounds that Plaintiff cannot rebut the presumption of probable cause created by her indictments and that the Defendants are entitled to qualified immunity. Plaintiff opposes the motion in its entirety. For the following reasons, Defendants' motion for summary judgment is denied.

This case arises out of a collision on May 30, 2008 wherein Jorgensen, then thirty-four weeks pregnant, was driving eastbound on Whiskey Road in Ridge, New York when her vehicle crossed into the westbound lane and struck the vehicle of Robert and Mary Kelly (the "Kellys") head on, killing them both. After being transported to Stony Brook University Hospital, Jorgensen underwent an emergency caesarean section and delivered a baby girl who passed away six days after her birth.

1

After multiple grand jury proceedings, on April 20, 2010, the grand jury handed up a superseding indictment charging Jorgensen with three counts of manslaughter for causing the deaths of the Kellys and her daughter. When a first trial resulted in a hung jury, Jorgensen was retried and convicted of manslaughter in the second degree for the death of her daughter. That conviction was affirmed by the Appellate Division, Second Department, in 2014. Jorgensen appealed that decision to the New York Court of Appeals, who held that the statute under which Jorgensen was convicted could not be applied to her conduct. The Court of Appeals reversed the Order of the Appellate Division and dismissed the indictment against Jorgensen.

That is where the parties' agreement with respect to the facts of this case ends. As evidenced by the parties' Local Civil Rule 56.1 Statements, which are largely unhelpful, the parties disagree about almost every aspect of the investigation conducted with respect to Plaintiff's accident. In fact, the parties even appear to disagree as to whose blood sample Defendant Brian Macri tested – Plaintiff's or her infant daughter's. Such rampant disagreement contravenes the very purpose of the Rule 56.1 Statements – to provide the Court with statements of <u>undisputed</u> material facts – and makes this case entirely unsuitable for summary judgment.

While, as Defendants point out, the issue of qualified immunity is typically a question of law for the Court to decide, where, as here, disputed issues of material fact exist concerning probable cause, qualified immunity cannot be granted as a matter of law. <u>See, e.g.</u>, <u>Chimelis v. County of Suffolk</u>, No. 2:21-CV-7079, 2025 WL 458242, at *4 (E.D.N.Y. Feb. 11, 2025) (citing <u>Krause v. Bennett</u>, 887 F.2d 362, 365 (2d Cir. 1989)); <u>Carabello v. City of New York</u>, 726 F. Supp. 3d 140, 164 (E.D.N.Y. 2024) ("Although immunity issues should ordinarily be decided by the court, 'that is true only in those cases where the facts concerning the availability of the defense are undisputed.'") (quoting <u>Oliveira v. Mayer</u>, 23 F.3d 642, 649 (2d Cir. 1994)). "Where

facts are in dispute that are material to a determination of reasonableness, 'summary judgment on qualified immunity grounds is not appropriate.'" Carabello, 726 F. Supp. 3d at 164 (quoting Husain v. Springer, 494 F.3d 108, 133 (2d Cir. 2007)).

Based on the foregoing, Defendants' motion for summary judgment is denied. All counsel shall appear for a pre-trial conference on October 21, 2025 at 11:00 a.m., at which time a date for trial will be set.

**SO ORDERED:**

Dated: Central Islip, New York
    August 27, 2025                         /s/    Anne. Y. Shields
                                            ANNE Y. SHIELDS
                                            United States Magistrate Judge

3